IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES of the LABORERS' HEALTH AND WELFARE FUND FOR NORTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HISHAM KAHLIL GHANMA, et al., <br><br> Defendants. | Case No.: C-12-06095 JSC <br><br> **ORDER TO SHOW CAUSE** |

In this enforcement action brought under the Employee Retirement Income Security Act ("ERISA"), Plaintiffs bring a Motion for Default Judgment ("Motion") seeking entry of default judgment against Defendants, an order requiring Defendants to submit to an audit of their books and records and to pay contributions found due and owing based on the audit, attorney's fees and costs, and for the Court to retain jurisdiction to enforce its Order. (Dkt. No. 12.)

As an initial matter, Plaintiffs have been inconsistent concerning whether all the named defendants are separate legal entities or whether they comprise a single "Defendant." Plaintiffs' Motion states that "Defendants were signatory to a written collective bargaining agreement" and they

seek relief against "Defendants," which presumably includes all named Defendants. (Dkt. No. 12 at 3.) Plaintiffs' Complaint lists as named Defendants Hisham Khalil Ghanma as an individual, Hisham Khalil Ghanma doing business as Universal Systems Int. ("Universal"), Hisham Khalil Ghanma doing business as Bay Area Fireplace Const. & Insulation ("Bay Area"). Plaintiffs also list Universal and Bay Area as separate Defendants. However, in the body of the Complaint, Plaintiffs refer to a single "Defendant" throughout.

Moreover, Plaintiffs do not explain why entry of default judgment is appropriate with regard to Bay Area. The signatory to the Memorandum Agreement, which bound the signatory to the collective bargaining agreement, was "Hash Ghanma/Universal Systems, Int." (Dkt. No. 13-5.) Although both Universal and Bay Area appear to be sole proprietorships and thus not afforded the same rights and protections as corporations and LLCs, Plaintiffs fail to explain why work done by Bay Area falls under the collective bargaining agreement when "Ghanma/Universal" is the only signatory. For example, Plaintiffs do not explain why an alter ego finding is unnecessary. The Ninth Circuit has indicated that the alter ego doctrine may be applicable even when two businesses are operated as sole proprietorships. *See UA Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1476 (9th Cir. 1994) ("The [alter ego] doctrine may be invoked regardless whether employers are corporations, partnerships, or wholly owned proprietorships. In this case, for example, appellees could have invoked the alter ego doctrine even if the Pettits were conducting their plumbing businesses as sole proprietorships rather than as corporations.").

The Court accordingly ORDERS Plaintiffs to SHOW CAUSE by August 19, 2013 as to why default judgment should issue for work done under the Bay Area sole proprietorship. The hearing on Plaintiffs' Motion, currently scheduled for August 8, 2013, is VACATED.

IT IS SO ORDERED.

Dated: August 6, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

2