United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES of the LABORERS' HEALTH AND WELFARE FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HISHAM KAHLIL GHANMA, et al.,<br><br>Defendants. | Case No.: C-12-06095 JSC<br><br>**ORDER FOR ADDITIONAL BRIEFING** |

In this enforcement action brought under the Employee Retirement Income Security Act ("ERISA"), Plaintiffs bring a Motion for Default Judgment ("Motion") seeking entry of default judgment against Defendants, an order requiring Defendants to submit to an audit of their books and records and to pay contributions found due and owing based on the audit, attorney's fees and costs, and for the Court to retain jurisdiction to enforce its Order. (Dkt. No. 12.)

Section 7 of the Master Agreement provides that "[e]ach Individual Employer, upon request of any Trust Fund specified in this Agreement, shall permit a Trust Fund Auditor to review any and all records relevant to the enforcement of the provisions of this Agreement pertaining to the Trust Funds.

Such review shall be permitted not less than ten (10) working days after demand." (Dkt. Nos. 13-6 & 13-7, § 7.) Section 9 of the Master Agreement sets out a grievance procedure concerning "the interpretation or application of this Agreement." (*Id.* at § 9.) The grievance procedure includes presenting the alleged violations of the Agreement to a "Board of Adjustment," and does not appear to allow a party to commence litigation. (*Id.*) Although several sections are exempt from the grievance procedures—including Section 28, which covers contributions to the trust funds and allows actions for collection of delinquent contributions to be filed "in any court of competent jurisdiction," (*id.* at § 28A)—Section 7 is not one of the exempted sections, (*id.* at § 9). Plaintiffs' conclusory assertion in their Complaint that "audit demands are excluded from the arbitration provision" of the Agreement thus appears unfounded. (Dkt. No. 1-2 at 5.)

Plaintiffs filed this action seeking to compel an audit of Defendants' books and records so that Plaintiffs may determine "whether or not Defendant has made prompt and correct payment of all Trust Fund contributions." (*Id.* at 4.) Thus, the alleged violation of the Master Agreement—the failure to submit to an audit—appears governed by the grievance procedures provided in Section 9.

In addition, Plaintiffs appear to make a premature request for attorney's fees and costs incurred in enforcing Defendants' obligation to submit to an audit. Attorney's fees and costs related to an audit appear to be provided only in Section 28, which states that "[t]he cost of any audit shall be borne by the Individual Employer if the delinquency disclosed by the audit is in excess of one thousand dollars ($1,000.00) and is not the result of a clerical error." (Dkt. Nos. 13-6 & 13-7, § 28A.) Because Plaintiffs have not done an audit, and therefore do not know the results of the audit, it does not appear that the Court can award Plaintiffs' costs. Further, contrary to Plaintiffs' suggestion, attorney's fees are mandatory under ERISA only for an action brought under 29 U.S.C. § 1132 to enforce 29 U.S.C. § 1145, which requires employers to make their agreed-to contributions to a multiemployer plan. *See* 29 U.S.C. § 1132(g)(2). When an action under Section 1132 is not enforcing Section 1145, it is within the court's discretion to award attorney's fees. *Id.* at § 1132(g)(1). While Plaintiffs may anticipate that they will seek to enforce Section 1145 if money is found owing after the audit, Plaintiff is not currently seeking to enforce that section. (*See* Dkt. No. 12 at 7 ("Once the audit is conducted, Plaintiffs will seek to collect any contributions found due and owing . . . .").)

In light of the foregoing, the Court orders Plaintiffs to submit additional briefing on 1) why the Court may entertain Plaintiffs' suit to enforce the audit provision where the Master Agreement appears to require that enforcement of the audit provision be subject to the Agreement's grievance procedures, and 2) why Plaintiffs are entitled to attorney's fees and costs before an audit is completed and the results known. Plaintiffs shall submit this additional briefing by no later than September 5, 2013.

IT IS SO ORDERED.

Dated: August 28, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE